894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ADMIRAL INSURANCE COMPANY, Plaintiff-Appellant
v.
W.J. SERVICE COMPANY, d/b/a J.W. Alarm Service, Defendant-Appellee
 No. 89-3101.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Admiral Insurance Company appeals the district court's granting of summary judgment in favor of W.J. Service Company in this diversity subrogation action. The district court held that Admiral's claim was time-barred by the pertinent statute of limitations. We affirm.
 
 
 2
 Admiral is an insurance company which provided a contract of insurance to Stephen's Jewelry, Inc., for losses arising from burglaries. Following a burglary at Stephen's Jewelry, Admiral denied coverage, and Stephen's Jewelry filed a lawsuit against Admiral in the Court of Common Pleas of Trumbull County, Ohio.
 
 
 3
 Subsequently, Admiral filed a third party complaint against W.J. Service, the seller and servicer of Stephen's Jewelry's alarm system. The third party complaint alleged counts for breach of contract and negligence. On February 10, 1987, Admiral voluntarily dismissed its claims against W.J. Service. Trial immediately followed, and the jury found in favor of Stephen's Jewelry. Judgment was entered against Admiral on February 20, 1987.
 
 
 4
 On February 19, 1988, Admiral filed this action against W.J. Service in the district court. Admiral alleged that W.J. Service had been negligent in the installation and servicing of its alarm system, and had breached its contract with Stephen's Jewelry by failing to provide an alarm system that worked. Subsequently, W.J. Service moved for summary judgment on the grounds that Admiral had failed to initiate its suit within the period prescribed by Ohio Revised Code 2305.19, the "Ohio Saving Statute."
 
 
 5
 W.J. Service argued that, under the Ohio Saving Statute, Admiral would have had to refile this action no later than one year from February 10, 1987, the date upon which Admiral filed its notice of voluntary dismissal in the underlying state action. Admiral, conversely, contended that the complaint must be refiled within one year from the date of entry of judgment, February 20, 1987. The district court held that the one-year period provided for in the Ohio Saving Statute began to run when Admiral voluntarily dismissed W.J. Service on February 10, 1987. The district court, consequently, granted summary judgment in favor of W.J. Service.
 
 
 6
 On appeal, Admiral argues that the district court erred in granting summary judgment to W.J. Service on both its contract claim and its negligence claim. Admiral contends that both of its claims were filed within the appropriate time period. We disagree.
 
 The Ohio Saving Statute provides that
 
 7
 [i]n an action commenced, or attempted to be commenced, if in due time the judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limit for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date.
 
 
 8
 Ohio Revised Code Sec. 2305.19 (emphasis added).
 
 
 9
 As the district court correctly stated, the only issue in this case is whether the date of the voluntary dismissal or the date of the final judgment entered on the remaining claims is the date from which the court computes the one-year period provided for in the Ohio Saving Statute. The Ohio Supreme Court held that "a voluntary dismissal pursuant to Ohio Civil Rule 41(A)(1) constitutes failure 'otherwise and upon the merits' within the meaning of the savings statute, R.C. 2305.19." Frysinger v. Leech, 32 Ohio St.3d 38, 43 (1987). Similarly, in Chadwick v. Barba Lou, Inc., 69 Ohio St.2d 222 (1982), the court held that a dismissal by the court under Civil Rule 41(A)(1) constitutes a failure otherwise than upon the merits for purposes of the Ohio Saving Statute.
 
 
 10
 In this case, Admiral's dismissal of W.J. Service in the underlying state action was done pursuant to Rule 41, without prejudice and otherwise than upon the merits. In light of Frysinger and Chadwick, Admiral's dismissal of W.J. Service constitutes a failure otherwise than upon the merits. Thus, as the district court accurately found, the one-year period provided for in Ohio Revised Code Sec. 2305.19 begins to run on February 10, 1987, the date of the voluntary dismissal. Consequently, Admiral's complaint in this action, filed February 19, 1988, is beyond the one-year savings statute provided for in Ohio Revised Code Sec. 2305.19.
 
 
 11
 Because Admiral's complaint was not filed within the one-year savings period, both its negligence and contract claims are time-barred. The Saving Statute applies equally to both claims. Regardless of whether Admiral asserted the contract claim in state court, the refiling of the contract claim in federal court is barred under the Ohio Saving Statute for the same reason that the refiling of the negligence claim is barred.
 
 
 12
 Accordingly, summary judgment in favor of W.J. Service is affirmed.
 
 
 13
 Additionally, Admiral has moved this court to certify the legal question at issue in this case to the Ohio Supreme Court. We find no reason to certify this matter to the Ohio Supreme Court, and therefore we deny Admiral's motion.
 
 WELLFORD, Circuit Judge, concurring:
 
 14
 I concur in the result reached. I would prefer, however, to certify the question to the Ohio Supreme Court.